ROBERT GOTTSCHALK, INC.      NO. 8923

VS                   COURT OF APPEAL FOR THE

ARTHUR DUMAINE          :      PARISH OF ORLEANS

: : :

▬▬▬▬▬▬▬▬

- - -

WILLIAM A. BELL, JUDGE.

- - -

▬▬

▬▬▬▬▬▬▬▬

▬▬▬▬                 MARCH 5, 1923.

Court of Appeal,
PARISH OF ORLEANS
FILED 3/5/23
[signature]

-1-

By WILLIAM A. BELL. Judge.

Plaintiff has sued the defendant herein for certain premiums due on fire insurance policies covering defendant's property in which he conducted a moving picture show. The defendant has answered, admitting his indebtedness to the extent of $103.00, while the amount claimed by plaintiff is $173.28. The whole contention is over the question whether or not the policies which were herein issued and which were cancelled before the respective expiration dates thereof, were cancelled at the request of the insured or upon the orders of the insurance companies or their agent, Robert Gottschalk, Inc. The terms of the policies, all written on the New York stahdard, provided that if the policies were cancelled at the request of the insured that the refund would be on a short-rate premium, and if cancelled by the company without the request of the defendant, the refund would be on a pro-rata premium. While the amount in dispute is only $70.28, the real issue in the controversy is whether plaintiff or defendant ordered the cancellations. If plaintiff ordered the cancellations then it was entitled only to a pro-rata premium, that is, $103.00; if defendant ordered the cancellations, then the plaintiff was entitled to a short-rate premium, or $173.28.

The only testimony in this case is given by the litigants themselves, that is, the defendant in his own behalf and the plaintiff sub-agent or employe, William J. Mahen, all other evidence consisting of documents, such as letters sent to and received from the defendant and postal registry receipts, offered at the trial and by consent ultimately filed in the record of appeal.

There was judgment in favor of plaintiff and defendant has appealed.

The evidence shows that defendant was given time within which to pay for the premiums, which would have amounted in all for the full

354

term of the policies to the sum of $385.00. This amount was to have been paid in installments running thirty, sixty, ninety and one-hundred-and-twenty days, that is, four payments of $96.25 per month. We find from the evidence that the policies were all issued in December of 1921, and defendant defaulted on all the payments as same fell due, a fact which he himself admits in his testimony. We further find from the testimony given by plaintiff's witness that he made frequent efforts to collect the premiums as the part payments fell due and that the defendant made frequent promises of payment, none of which he lived up to; that towards the end of the four months in which the installment payments were to be made, defendant advised plaintiff's agent that he, defendant, was attempting to sell his picture show business. Upon this advice, it appears that the plaintiff's agent suggested that if defendant succeeded in selling his moving picture property that it might be possible to have the new owner assume or arrange for the assumption of the insurance bearing thereon and for which defendant had never paid. There is testimony to the effect that this property was finally sold in June of 1922, and that at no time did the defendant in any manner attempt to either pay the premiums due or to avail himself of the plaintiff's willingness to have the new purchaser assume the insurance. On March 29, 1922, the policies were cancelled by the company, the same having been returned to the plaintiff herein by letter addressed to plaintiff by defendant, bearing date March 28, 1922, which letter reads as follows:

"Enclosed please find my insurance policies. Within a few days I shall take care of the premiums."

There is another letter of the same date, the contents of which are immaterial and need not be here noted. On April 1, 1922, the plaintiff wrote to the defendant, acknowledging receipt of the letter in which had been enclosed the insurance policies returned by him for cancellation.

In this letter plaintiff enclosed an itemized bill showing the short-rate earned premiums due on said policies, and asking that a check in settlement be sent to them not later than the 5th of April, after which date, if same were not paid, plaintiff would have to turn over the claim to it's attorneys for attention. This same letter closes with the remarks as follows:

> "We must acknowledge our regret at the unnecessary arbitrary attitude notwithstanding the effort we have made to be as reasonable and considerate as possible."

The defendant on cross-examination avoided persistently an acknowledgment of the receipt of plaintiff's letter, and could not be made to say whether he had ever seen or known of its contents, contenting himself with the statement that he had no recollection as to whether it had been received by him, and justified the excuse of not remembering definitely anything on this point by saying that he had a pretty bad memory. Such testimony as this, coupled with the further evidence in the record that the letter referred to was received, as shown by the return registry receipt therefor, signed by defendant's wife, whose signature for a while he affected ignorance of, causes us to believe that the evidence in this case should be weighed in favor of the plaintiff, and we reach the conclusion that the cancellations of the policies were made by the voluntary return of the defendant and not through the arbitrary action of the plaintiff. This was undoubtedly the conclusions drawn by our brother of the trial court, who saw and heard the only two and/antagonistic witnesses in this case. Believing as the judge a qua did, that the cancellations were made at the request of the defendant, it follows that the short-rate premium is the one upon which the suit herein instituted must be based, and that, therefore the claim is rightly urged for $173.28.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment herein appealed from be and the same hereby is affirmed at defendant's costs in both courts.

JUDGMENT AFFIRMED.                                    MARCH 5, 1923.